UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 17-2427 DSF | Date | 7/13/18 |
|---|---|---|---|
| Title | In re Jack C. Pryor | | |

Present: The Honorable DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff | Attorney Present for Defendant |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order AFFIRMING Order of the Bankruptcy Court

## I. INTRODUCTION

Appellant/Debtor Jack C. Pryor appeals the United States Bankruptcy Court's order and judgment denying debtor's discharge under Sections 727(a)(2) and 727(a)(6) of the United States Bankruptcy Code. Oral argument was requested. After examining the briefs and record, the Court finds that oral argument is unnecessary. See Fed. R. Bankr. P. 8019(b)(3); L.R. 7-15.

## II. FACTS AND PROCEDURAL BACKGROUND

### A. Appellant's Voluntary Bankruptcy Petition

The Court briefly recites the most relevant facts. On October 9, 2015, Appellant filed a Chapter 11 bankruptcy petition. Ex. 3 at 36–46.[1] Appellant's petition disclosed certain assets including: vacant land, two single family residences, a commercial property in

---

[1] In this Order, all references to "Ex." are to exhibits in the Appendix submitted by the Appellee United States Trustee ("UST") (Dkt. Nos. 17-1 through 17-9), and all page citations refer to the Appendix pagination, unless stated otherwise.

**MEMORANDUM**

Palm Springs that houses an industrial warehouse (the "Ruppert Property"), and three businesses of which he is the sole shareholder. Ex. 4 at 54, 56; see also Ex. 5 at 111–12. On February 25, 2016, the Chapter 11 petition converted to a Chapter 7 petition. Ex. 1 at 8.

On or about March 1, 2016, the UST's agent physically inspected the Ruppert Property and observed roof mounted solar panels affixed to the property. Ex. 5 at 104 ¶ 3. Thereafter, Appellant provided the UST with an appraisal, dated November 2014, which indicated that the "actual cost of the [Ruppert Property's solar panel] system in 2012 was $156,000.00, including installation." Id. at ¶ 4; see also id. at 112. However, in June 2016, Appellant informed the UST's agent that the solar panels had been removed from the roof. Id. at 104 ¶ 5. On August 22, 2016, a meeting of creditors was held pursuant to 11 U.S.C. § 341(a). Id. at 97. During the meeting the UST inquired as to the status of the solar panels. Id. Appellant stated that he did not remove the solar panels, but refused to identify who did. Ex. 6 at 119.

B. Turnover and Contempt

On September 14, 2016, the UST filed a motion with the Bankruptcy Court pursuant to 11 U.S.C. § 542, seeking an order requiring Appellant to turn over to the UST certain estate property, including the solar panels. Ex. 5 at 94. The UST alleged that "[a]s of the petition date, the [Ruppert] Property had solar panels installed on it which were physically connected to the property and adapted to use by the property. As such, the solar panels constitute a fixture of the property and thus, are part of the property and cannot be removed." Id. at 98. Appellant did not oppose the motion. Ex. 6 at 120. On October 19, 2016, the Bankruptcy Court entered an order granting the UST's motion and ordering Appellant to turn over all solar panels on the Ruppert Property within thirty days (the "Turnover Order"). Ex. 7 at 124–25. Appellant did not appeal the Turnover Order. See generally Ex. 1.

Appellant failed to comply with the Turnover Order. Ex. 8 at 128:15–28. On December 6, 2016, the UST filed a motion for an order to show cause why Appellant should not be held in contempt of the Turnover Order. Id. at 125. On January 12, 2017, after entering an order to show cause to which Appellant did not respond, and after holding a hearing to which Appellant failed to appear, the Bankruptcy Court entered an order holding Appellant in contempt for willfully violating its order directing him to turn over the solar panels (the "Contempt Order"). See generally Ex. 1; see also Ex. 9 at 155–56.

**MEMORANDUM**

Appellant did not appeal the Contempt Order. See generally Ex. 1. However, on May 30, 2017, nearly eight months after the Turnover Order was entered, Appellant filed a motion to set aside the Turnover Order pursuant to Federal Rule of Civil Procedure 60. Ex. 17 at 251. The Bankruptcy Court denied Appellant's motion on June 28, 2017 (the "Order on Motion to Set Aside Turnover Order"), and relevant to this appeal, found "the evidence in the record supports an inference that the Debtor acted intentionally to remove the solar panels to undermine the Trustee's efforts to sell the [Ruppert] Property." Ex. 16 at 248.

   C. Adversary Proceedings

On February 28, 2017, the UST initiated adversary proceedings against Appellant on behalf of the estate. Ex. 18 at 256. The UST filed a complaint to deny Appellant's discharge pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(6). Id. at 258; see also Ex. 19 at 273–77. The complaint was served on Appellant on March 9, 2017, see Ex. 19 at 264, however, Appellant did not answer or otherwise respond, see generally Ex. 2. The UST then moved for entry of default pursuant to Local Bankruptcy Rule 7055–1(a), which was subsequently entered by the bankruptcy clerk on April 17, 2017 (the "Clerk's Entry of Default"). Ex. 21 at 306.

On July 3, 2017, Appellant filed a motion to set aside the Clerk's Entry of Default, which the UST opposed. See Exs. 22–24. On July 26, 2017, the Bankruptcy Court conducted a hearing during which it found that Appellant failed to establish good cause to vacate entry of default. Ex. 25 at 374. Specifically, citing Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004), the Bankruptcy Court found that Appellant engaged in culpable conduct leading to the default, and therefore further found that denial of Appellant's motion was appropriate. Id. at 375–76; see also Franchise Holding II, 375 F.3d at 926 ("If a defendant has received actual or constructive notice of the filing of the action and failed to answer, its conduct is culpable."). On August 21, 2017, the Bankruptcy Court issued an order denying Appellant's motion to set aside entry of default—citing the court's prior findings during the hearing (the "Order on Motion to Set Aside Entry of Default"). Ex. 26 at 396–97.

On September 19, 2017, pursuant to Local Bankruptcy Rule 7055-1 and Federal Rule of Civil Procedure 55, the UST filed a motion for default judgment to deny Appellant's discharge on the two grounds asserted in its adversary complaint. Ex. 27 at 398; see also Ex. 29 at 722. First, the UST argued that substantial evidence established Appellant's

**MEMORANDUM**

refusal to obey the Turnover Order—in violation of 11 U.S.C. § 727(a)(6). Ex. 29 at 732. Second, the UST argued that Appellant transferred the solar panels (*i.e.*, estate property) with the intent to hinder, delay, and defraud creditors and the Chapter 7 Trustee—in violation of 11 U.S.C. § 727(a)(2). Id. at 733. Appellant did not file an opposition. See generally Ex. 2.

On October 23, 2017, the Bankruptcy Court conducted a hearing on the matter. Ex. 30 at 738. During the hearing Appellant attempted to raise the same arguments that he asserted in support of his motion to set aside the entry of default. Id. at 742:6–21. The Bankruptcy Court rejected Appellant's arguments noting that: (1) the court had already ruled on Appellant's motion to set aside and Appellant had not sought reconsideration or appealed that order; and (2) because Appellant failed to file a response to the UST's motion for default judgment, the court would not consider arguments raised for the first time at the hearing. Id. at 741:8–25, 745:7–15, 747:2–8, 748:9–18.

On November 17, 2017, the Bankruptcy Court issued an order granting the UST's motion for default judgment, citing both its findings during the hearing as well as its tentative order (the "Default Judgment Order"). Id. at 748:22–24; see also Ex. 31 at 770–77. The court stated that Appellant was properly served, the court was entitled to accept the allegations in the adversary complaint as true due to the entry of default, and the UST satisfied the elements of 11 U.S.C. §§ 727(a)(2)(B) and (a)(6)(A). Ex. 31 at 774–77. Accordingly, the Bankruptcy Court entered judgment denying Appellant's discharge pursuant to 11 U.S.C. § 727 (the "Discharge Order"). Ex. 33 at 875–76.

This appeal followed. Appellant, representing himself on appeal, now contends that the bankruptcy court erred in denying him a discharge because: (1) the "solar panels were not property of the debtor's estate . . . resulting (on its face) in a significant legal error used as the basis for the invalid judgment order of discharge denial[;]"[2] (2) "debtor was not allowed due process . . . [because all] good faith attempts to explain the circumstances surrounding the turnover of the solar panels . . . were not accepted[;]" (3) "the Chapter 7 Trustee breached its fiduciary duties and facilitated the squandering of debtor's . . . assets[;]" and (4) "the Chapter 7 Trustee . . . demanded excessive fees for

---

[2] As part of this argument, Appellant avers that "[t]here has been no determination that Access Solar [(Appellant's business)] is the alter ego of the Debtor [and that therefore] it seems perfectly correct that Access Solar could sell its solar panels and use its proceeds." Appellant's Opening Brief (Dkt. 16) at 18.

sanctions and legal services specifically as related to the alleged estate assets[.]" Appellant's Opening Brief (Dkt. 16) at 14–15, 17–18, 21.

Appellant asserts numerous issues on appeal. To the extent these issues relate to the Bankruptcy Court's Turnover Order, Order on Motion to Set Aside Turnover Order, Contempt Order, the Clerk's Entry of Default, or the Order on Motion to Set Aside Entry of Default—as opposed to the Bankruptcy Court's Default Judgment Order or Discharge Order—the Court notes that Appellant only appeals the Bankruptcy Court's Default Judgement Order and Discharge Order and does not clearly challenge the other aforementioned orders. See Appellant's Opening Brief at 13; see Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e review only issues which are argued specifically and distinctly in a party's opening brief.") (internal quotation marks and citation omitted); accord Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1992) (issues not supported by argument in pro se appellant's opening brief are waived). Accordingly, the only issue with which this Court is concerned is whether the Bankruptcy Court abused its discretion when it entered the Default Judgment Order and Discharge Order.

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 55(a) and (b),[3] a bankruptcy court may enter an order of default and default judgment against a party. The bankruptcy court's decision to enter a default judgment is reviewed for abuse of discretion. See Speiser, Krause & Madole, P.C. v. Ortiz, 271 F.3d 884, 886 (9th Cir. 2001). A bankruptcy court necessarily abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). Thus, under an abuse of discretion standard, a reviewing court must affirm unless the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was "illogical," "implausible," or "without support in inferences that may be drawn from the facts in the record." U.S. v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009)

Further, on appeal of a denial of discharge under 11 U.S.C. § 727(a), the bankruptcy court's "determinations of the historical facts are reviewed for clear error;" its "selection of the applicable legal rules under § 727(a) is reviewed *de novo*;" and its application of the facts to the applicable rules is reviewed *de novo* because it requires the exercise of

---

[3] This Rule is made applicable to bankruptcy by Fed. R. Bankr. P. 7055.

"judgment about values animating legal principles." In re Searless, 317 B.R. 368, 373 (B.A.P. 9th Cir. 2004); see also In re Weinberg, 410 B.R. 19, 28 (B.A.P. 9th Cir. 2010); accord In re Hansen, 368 B.R. 868, 874 (B.A.P. 9th Cir. 2007) ("In an action for denial of discharge, a finding that debtor acted with intent to hinder, delay, or defraud creditors is reviewed for clear error."). A bankruptcy court's factual finding is clearly erroneous if it is illogical, implausible, or without support in the record. In re Retz, 606 F.3d 1189, 1196 (9th Cir. 2010) (citing Hinkson, 585 F.3d at 1261).

**IV. DISCUSSION**

A. <u>The Bankruptcy Court Did Not Abuse Its Discretion by Entering Default Judgment</u>

As stated above, after entry of default by the court clerk, the Bankruptcy Court was entitled in its discretion to enter a default judgment. Fed. R. Civ. P. 55(b)(2). Provided that the Bankruptcy Court found that jurisdiction was proper and service of process on Appellant was adequate, see Ex. 33 at 883–84, the Bankruptcy Court correctly considered the merits of the UST's substantive claims to determine whether default judgment was appropriate, see id. at 884–85. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (identifying the factors a court may consider when exercising its discretion as to the entry of a default judgment, including "the merits of plaintiff's substantive claim"). Therefore, the Court will next examine whether the Bankruptcy Court abused its discretion when it analyzed the two causes of action asserted in the adversary complaint supporting denial of discharge—11 U.S.C. §§ 727(a)(2)(B) and 727(a)(6).

As a preliminary matter, because Appellant attempts to re-litigate the factual allegations that formed the basis for the default judgment denying his discharge—see Appellant's Opening Brief at 14–18 (namely, that the solar panels were not part of the estate but rather were property of the Appellant's business) and Appellant's Reply Brief (Dkt. 20) at 4–5, 10 (solar panels were not part of the estate, and after they were sold "it was literally impossible for Debtor to comply" with the Turnover Order)—the Court emphasizes that "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) ("Upon entry of a default judgment, facts alleged to establish liability are binding upon the defaulting party, and those matters may not be relitigated on appeal."); accord TeleVideo Systems Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Because the clerk entered Appellant's default on April 17, 2017, the Court finds it was appropriate for the Bankruptcy Court to accept as true the

facts presented in the adversary complaint when it considered whether to enter default judgment.  See Ex. 21 at 306; see also Ex. 33 at 884.

      i.   *Section 727(a)(6)(A)*

A bankruptcy court "shall grant the debtor a discharge, unless . . . the debtor has refused . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]"  11 U.S.C. § 727(a)(6)(A).  As the party objecting to Appellant's discharge under § 727(a)(6), the UST had the burden of proving, by a preponderance of the evidence, that "debtor (a) was aware of the order; and (b) willfully or intentionally refused to obey the order[.]"  In re Michaels, No. ADV 05-01429, 2009 WL 7808826, at *5 (B.A.P. 9th Cir. Feb. 27, 2009) (citing In re Jordan, 521 F.3d 430, 434 (4th Cir. 2008)).  In the Court's view, "refusal" connotes contempt, and as one court has stated "a debtor will be found to have 'refused' to obey a court order under § 727(a)(6)(A) when the debtor's inaction would give rise to a charge of civil contempt[.]"  In re Freeman, 293 B.R. 413, 415 (Bankr. N.D. Ohio 2002); accord In re Denman, 565 B.R. 401, 402 (Bankr. W.D. Michigan 2017).

Here, the Bankruptcy Court found that the elements of § 727(a)(6)(A) were satisfied because the UST's adversary complaint alleged "that Debtor 'refused to obey a lawful order of the court . . . [s]pecifically, that Debtor failed to comply with the Court's Turnover Order entered on October 19, 2016."  Ex. 33 at 885 (citing Ex. 18 at 260 ¶ 16).  Moreover, the Bankruptcy Court noted that "[t]his Court, in its order finding Debtor in civil contempt, has already held that Debtor willfully violated its [*sic*] Court order."  Ex. 33 at 885; see also Ex. 9 at 155–56.

First, although the allegations within the adversary complaint fall short of directly stating that the Appellant received the Turnover Order, the Court finds that the Appellant's statements in his motion to set aside the Turnover Order as well as the Bankruptcy Court's Order on Motion to Set Aside Turnover Order, adequately fill in this gap.  See Exs. 16–17.  Second, with respect to Appellant's alleged refusal to obey the Turnover Order, the adversary complaint clearly states that Appellant refused to surrender and deliver the solar panels to the Chapter 7 Trustee which constituted a refusal to obey the Turnover Order, see Ex. 18 at 260 ¶¶ 16, 21, and Appellant admitted this well-pleaded allegation by failing to answer or otherwise respond to the adversary complaint.  See Geddes, 559 F.2d at 560 ("upon default the factual allegations of the complaint . . . are taken as true").  While the Appellee points to other evidence in the record establishing that Appellant was aware of the Turnover Order and willfully refused

**MEMORANDUM**

to comply, see Appellee's Brief (Dkt. 17 at 21–23), the Court finds that the allegations in the adversary complaint, taken as true by the Bankruptcy Court, sufficiently demonstrate Appellant's refusal to obey the court's order. Therefore, the Court finds no clear error in the Bankruptcy Court's finding that Appellant willfully and knowingly violated the court's order, thereby satisfying the elements of § 727(a)(6)(A).

      *ii.*    *Section 727(a)(2)(B)*

A bankruptcy court "shall grant the debtor a discharge, unless . . . the debtor, with intent to hinder, delay, or defraud, . . . has transferred [or] removed, . . . or has permitted to be transferred [or] removed . . . property of the estate, after the date of the filing of the petition[.]" 11 U.S.C. § 727(a)(2)(B). "A party seeking denial of discharge under § 727(a)(2) must prove two things: '(1) a disposition of property, such as transfer or concealment, and (2) a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act [of] disposing of the property.'" In re Retz, 606 F.3d 1189, 1200 (9th Cir. 2010) (quoting In re Lawson, 122 F.3d 1237, 1240 (9th Cir. 1997)).

Here, the Bankruptcy Court found that the UST satisfied the elements of § 727(a)(2)(B) because it "asserted that the solar panels were property of the estate, that the solar panels were removed or sold by Debtor after the petition date, and that Debtor concealed his actions with the intent to hinder, delay, or defraud creditors of an officer of the estate." Ex. 33 at 885; see also Ex. 18 at 261 ¶¶ 26–29.

As stated above, on Appellant's default, the Bankruptcy Court was entitled to take the factual allegations of the adversary complaint as true. See Geddes, 559 F.2d at 560; see also TeleVideo Systems Inc., 826 F.2d at 917 (when reviewing a motion for default judgment the court must accept the well-pleaded allegations of the complaint relating to liability as true). Thus, the Court here also finds that the allegations within the complaint sufficiently demonstrate that after the date of Appellant's voluntary bankruptcy petition, Appellant transferred the solar panels with the intent to hinder, delay, or defraud his creditors. See Ex. 18 at 261 ¶¶ 26–29. Therefore, the Court finds no clear error in the Bankruptcy Court's finding that the UST met its burden in demonstrating the elements of § 727(a)(2)(B). See In re Hansen, 368 B.R. at 874 ("[A] finding that debtor acted with intent to hinder, delay, or defraud creditors is reviewed for clear error.").

The Court finds that the Bankruptcy Court did not abuse its discretion by entering default judgment.

B. <u>The Bankruptcy Court Did Not Abuse Its Discretion by Entering Judgment Denying Discharge</u>

The Bankruptcy Court denied discharge pursuant to 11 U.S.C. § 727. Based on the reasoning above, the Court finds the Bankruptcy Court did not abuse its discretion in concluding that the denial of Appellant's discharge pursuant to §§ 727(a)(2) and (a)(6) was proper.

V. **CONCLUSION**

The decision of the Bankruptcy Court is AFFIRMED.[4]

IT IS SO ORDERED.

---

[4] The Court does not address Appellant's other arguments because they are not germane to the Default Judgement Order or Discharge Order, and are therefore outside the scope of this appeal. See generally Appellant's Opening Brief at 18–22 (regarding the Chapter 7 Trustee's breach of its fiduciary duty for squandering estate assets and demanding excessive legal fees, as well as deprivation of due process).